Brian P. Dolin - 182971
**JACOBSEN McELROY BOOTH & DOLIN PC**
2401 American River Drive, Suite 100
Sacramento, CA  95825
Tel.    (916) 971-4100
Fax     (916) 971-4150
ESERVICE@jacobsenmcelroy.com

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Guadalupe Saldivar,<br><br>          Plaintiff,<br><br>  vs.<br><br>COSTCO WHOLESALE<br>CORPORATION; and DOES 1 to 100,<br><br>          Defendants. | Case No.:  2:25-cv-03306-TLN-CKD<br><br>**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER**<br><br>*Superior Court Action Filed: 03/20/25* |

## <u>STIPULATION FOR PROTECTIVE ORDER</u>

It being represented to the Court that one or more of the named parties to this litigation have requested and/or are going to request documents from one or more of the other named parties which involve trade secrets, confidential research, proprietary materials, research and development, and/or commercial information belonging to said parties; and

It being represented to the Court that the parties are willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter

///

-1-

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER

stated terms and conditions  and pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 141, and this Court's Standing Order for Civil Cases; and,

It being represented to the Court that all of the parties stipulate and agree to the following terms and conditions of a Protective Order for the disclosure of the aforementioned information:

It is hereby Stipulated as follows:

1.     In the Stipulation and Protective Order, the word "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence 1001 which have been produced in discovery in this proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

2.     Prior to designating a Document "Confidential," the designating party subject to this order must make a good-faith determination that a factual and legal basis exists to assert a privilege specific to the particular Document.

3.     Any Documents designated as "Confidential" subject to this order shall be deemed an authentic business record, unless expressly exempted from this determination by either party..

4.     The parties will disclose Documents that they designate "Confidential" and/or "Proprietary" to the other parties to this lawsuit and their attorneys, only pursuant to a Protective Order and under the conditions that follow.

5.     Any and all of the aforesaid Documents disclosed by the parties and the contents thereof shall be maintained in confidence by the parties and their counsel. The aforesaid Documents shall not be photocopied or reproduced by any means without the prior consent of counsel for the producing party or until further order of this Court.

6.     Any and all of the aforesaid Documents disclosed by the producing party and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

///

-2-

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER

7. No person who examines any Documents produced pursuant to this order shall disseminate orally, in writing, or by any other means, the Documents or the information contained therein, to any person not also authorized to examine said Documents under the terms of this order.

8. Counsel for the parties to the above-captioned litigation may permit an expert or experts hired by/on behalf of the parties in the above-captioned litigation to review Documents subject to this Protective Order. However, counsel for the non-producing parties must first obtain from said experts a written statement confirming their agreement to comply with every element of this Protective Order. Said experts shall agree that the Documents and the contents thereof shall not be disclosed to any other person or entity and said Documents shall not be photocopied or reproduced by any means. Any Documents provided to said experts must be returned to the propounding party within thirty (30) days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph nine (9) below.

9. Notwithstanding the foregoing provisions, this Protective Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege, and materiality.

10. Notwithstanding the foregoing provisions, this Protective Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the Documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

11. At the conclusion of this lawsuit by settlement, jury verdict, nonsuit, dismissal, judgment order, or otherwise, all of the producing party's Documents, including any and all copies, or renditions made from said Documents, shall be returned to the producing party within thirty (30) days upon request by the producing party.

///

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER

12.     A breach of the terms of this Protective Order shall entitle the producing party to appropriate sanctions, including but not limited to attorneys' fees and costs incurred in the enforcement of this Order.

13.     Where any "Confidential" and/or "Proprietary" Documents, or information derived from "Confidential" and/or "Proprietary" Documents, is included in any motion or other proceeding governed the party shall submit a request to seal the Documents pursuant to Local Rule 141 and shall mark the documents "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO COURT ORDER" upon the Court's approval of the request to file under seal.

DATED: May 7, 2026                    **Respectfully submitted,**

                                      */s/ Brian P. Dolin*
                              By: _____
                                      Brian P. Dolin - 182971
                                      **JACOBSEN McELROY BOOTH & DOLIN PC**
                                      2401 American River Drive, Suite 100
                                      Sacramento, CA  95825
                                      Tel.     (916) 971-4100
                                      Fax     (916) 971-4150
                                      bdolin@jacobsenmcelroy.com
                                      Attorneys for COSTCO WHOLESALE CORPORATION

DATED: May 7, 2026                    **Respectfully submitted,**

                                      */s/ Howard J. Knapp (as authorized on May 5, 2026)*
                              By: _____
                                      Howard J. Knapp - 351103
                                      **The Law Offices of Lawrence M. Knapp**
                                      250 Dorris Pl.
                                      Stockton, CA  95204
                                      Tel.     (209) 946-4440
                                      howard@lmklaw.net
                                      Attorneys for GUADALUPE SALDIVAR

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER

## ORDER

Good cause appearing, the Court approves this Stipulated Protective Order with the additional clarification and order that once this action is closed, the court will not retain jurisdiction over enforcement of the terms of this discovery protective order. See L.R. 141.1(f).

**IT IS SO ORDERED.**

Dated:  May 7, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sald25cv3306.stip.po

-5-

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER