Brian P. Dolin - 182971
**JACOBSEN McELROY BOOTH & DOLIN PC**
2401 American River Drive, Suite 100
Sacramento, CA 95825
Tel. (916) 971-4100
Fax (916) 971-4150
ESERVICE@jacobsenmcelroy.com

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

GUADALUPE SALDIVAR,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION; and DOES 1 to 100,

Defendants.

Case No.: 2:25-cv-03306-TLN-CKD

**STIPULATION AND ORDER AMENDING SCHEDULING ORDER**

*Superior Court Action Filed: 03/20/25*

## I.
## SYNOPSIS OF CASE

A. Claims and Defenses

Plaintiff Guadalupe Saldivar claims that on September 28, 2023, while at the Stockton Costco warehouse, she slipped on a liquid substance and fell. She claims the fall fractured her left humerus, sprained her left hand and bruised her left knee. Plaintiff claims Defendant Costco Wholesale Corporation was negligent and that this negligence caused the claimed incident.

Defendant Costco Wholesale Corporation ("Costco") has produced video footage documenting the claimed incident and also supporting its defense that it had no actual or

constructive notice of the claimed incident. Costco asserts that the video footage documents the point at which the liquid substance was spilled to the ground by a customer and proves Costco performed reasonable inspections prior to the incident. Furthermore, Costco disputes causation of the claimed injury to Plaintiff's left arm and the medical care (past and future) Plaintiff asserts is related to the subject incident.

B. Discovery

Written discovery has been served and received, as have subpoenas seeking medical and billing records. Plaintiff's deposition was completed on June 22, 2026, and Costco employee's depositions are anticipated to occur in October 2026. It is possible that a deposition of Plaintiff's treating doctor may be required to address future medical care claims which may include surgery. Further, a medical exam may also be required. Therefore, more discovery is contemplated by the parties. The parties now anticipate completing all anticipated depositions by December 2026.

A prior amendment to the Discovery Schedule was pursued by the parties and granted by this court on May 5, 2026. Since that date, counsel for Costco has undergone two separate ophthalmological surgical procedures (May 20, 2026 and September 1, 2026). Counsel for Costco is currently recovering from the second surgical procedure. The referenced surgical procedures have impacted the parties' ability to complete fact discovery in this matter.

**II.**

**STIPULATION OF PARTIES TO CONTINUE DISCOVERY SCHEDULE**

As noted above, additional time is required to complete discovery, designate experts and prepare expert reports. The requested extension of the discovery timelines will also allow the parties an opportunity to pursue settlement discussions if the facts support resolution. The parties agree that the amended schedule is in their best interests and that without the short extension of discovery, it is believed the parties will be prejudiced.
Based on the foregoing, the parties stipulate and agree to an extension of the discovery timelines.

In light of the foregoing, the parties stipulate to the following revised discovery timelines:

| EVENT | CURRENT DATE/TIME | **NEW DATE/TIME** |
|---|---|---|
| Fact Discovery Closure | September 11, 2026 | December 14, 2026 |
| Designation of Experts | November 13, 2026 | February 8, 2027 |
| Supplemental Designation of Experts | December 13, 2026 | March 10, 2027 |
| Supplemental Discovery | February 8, 2027 | May 10, 2027 |
| Last Day to File Dispositive Motions | March 10, 2027 | June 10, 2027 |
| Trial Setting | To be determined in light of anticipated motion for summary judgment | To be determined |
| Jury Trial | To be determined | To be determined |

Federal Rules of Civil Procedure 6(b), 16(a) and 16(b)(4) give the court broad discretion to regulate pre-trial matters, to manage its calendar, grant continuance of scheduling dates, and so direct the parties in a manner that expedites disposition of the action and facilitates settlement. Pursuant to Local Rule 144 and as set forth above, good cause exists for the Court to grant the extensions requested under any of the Rules.

IT IS SO STIPULATED.

DATED: September 11, 2026

**Respectfully submitted,**

By: */s/ Brian P. Dolin*

Brian P. Dolin - 182971
**JACOBSEN McELROY BOOTH & DOLIN PC**
2401 American River Drive, Suite 100
Sacramento, CA 95825
Tel. (916) 971-4100
Fax (916) 971-4150
bdolin@jacobsenmcelroy.com
Attorneys for COSTCO WHOLESALE CORPORATION

DATED: September 11, 2026

**Respectfully submitted,**

By: *\/s/ Howard J. Knapp (as authorized on September 11, 2026)*

Howard Knapp - 351103
**THE LAW OFFICES OF LAWRENCE M. KNAPP**
250 Dorris Pl.
Stockton, CA 95204
Tel. (209) 946-4440
howard@lmklaw.net
Attorneys for GUADALUPE SALDIVAR

**ORDER**

Based on the foregoing Stipulation and good cause appearing, IT IS HEREBY ORDERED that the Scheduling Order be, and the same hereby is, revised as set forth above in the Stipulation.

**IT IS SO ORDERED**

Date: September 11, 2026

Troy L. Nunley
Chief United States District Judge